IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JEREMY ALFONZIE JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 111-102 |
| | ) (Formerly CR 109-171) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 37). After hearing and observing the witnesses at the evidentiary hearing, the Magistrate Judge made a credibility determination that Petitioner did not ask his defense attorney to file an appeal. (Doc. no. 35, pp. 13-15.) The majority of Petitioner's objections are based on the incorrect premise that the Court must accept Petitioner's testimony at the evidentiary hearing as true, but as the Magistrate Judge correctly explained, the credibility determination is for the fact finder. (Id. at 13-14.) The Magistrate Judge found that Petitioner's self-serving testimony about instructing Mr. Glover to file an appeal was not credible, and Petitioner's objections staked to this discredited premise have no merit.

Likewise, Petitioner misses the mark with his objection that the Magistrate Judge erred "by summarily concluding, *without any evidence*, that the approximately $400,000.00 in product

was 'undoubtedly worthless'" to GlaxoSmithKline. (Doc. no. 37, pp. 3-4.) The Magistrate Judge stated that the stolen pills were undoubtedly worthless for sale once they had been stolen, and in any event, that discussion was in the context of explaining that this Court had discretion as to the type of restitution to order at sentencing. The statement was not a factual finding as to the actual value of the stolen pills. (Doc. no. 35, p. 18.) Indeed, as the Magistrate Judge further explained, the value of the stolen pills is irrelevant because the credible testimony from Mr. Glover was that Petitioner repeatedly denied having possession of the stolen pills or the ability to return them. (Id.)

Accordingly, for the reasons stated above, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** the § 2255 motion as it relates to Petitioner's ineffective assistance of counsel claim in ground two of the motion. As the Court previously determined by Order dated December 16, 2011 that Petitioner was not entitled to relief on the ineffective of assistance claim raised in ground one of his motion, (doc. no. 9), no other issues remain.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the

2

requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 16th day of April, 2015, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.